REBECCA BLUMENTHAL AND FRANK BLUMENTHAL, PLAINTIFFS-APPELLEES, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued June 29, 1915—Decided November 15, 1915.

1. Goods were delivered to a carrier by railroad for transportation to a point within the state, but on the line of a connecting carrier. Not being delivered at destination they were returned to the place of shipment at the request of the first carrier, and the box containing them re-delivered to shipper with part of the contents gone. *Held*, in view of the facts properly found, that the loss presumably occurred by the negligence of the first carrier.

2. The fact that less freight was charged because of a misdescription of the goods does not relieve the carrier from liability, there being nothing to show that the shipper had any knowledge of the difference in rate, and there being no provision in the bill of lading limiting liability or warranting contents for the purpose of fixing a rate.

---

On appeal from the Supreme Court.

For the appellant, *Mark Townsend, Jr.* (*George Holmes* and *Charles E. Miller* on the brief).

For the respondent, *Lazarus & Brenner*.

The opinion of the court was delivered by

PARKER, J.  The suit was for injury to and loss of household goods and wearing apparel delivered by plaintiffs to defendant company, at Bayonne, New Jersey, for carriage to Englewood, New Jersey, where plaintiffs and their family

were to spend the summer. The box containing the property in question and other property was transferred to the Erie railroad, the Central not running to Englewood, and though plaintiff inquired for it there, it could not be found, and after the summer was over, was found at defendant's station at Bayonne, having been broken open and part of the contents abstracted. Plaintiffs recovered judgment for over $300 in the District Court, sitting without jury, which judgment was affirmed in the Supreme Court. There is no specific finding of facts, as there was a stenographer in the District Court, and the stenographic minutes were used as a state of the case pursuant to the statute. *Comp. Stat.*, p. 2014, § 207. The shipment was an intrastate one, so the Interstate Commerce act does not apply. We take up the appellant's points in the order made on the brief.

First, that the trial court should have nonsuited on the ground that there was no evidence that the goods claimed to have been lost were ever in the box, nor anything to justify the inference that nothing had been removed from the box after packing and before delivery to defendant; the box having been intrusted to a local expressman for such delivery. A sufficient answer is that no such point was made at the trial. *Van Alstyne* v. *Franklin Council,* 69 *N. J. L.* 672; *Thornton* v. *Fay,* 81 *Id.* 427; *McCloud* v. *Illinois Surety Co.,* 83 *Id.* 572; *Osborn* v. *Gartner,* 75 *Id.* 224; *Corcia* v. *Giuliano,* 85 *Id.* 369; *Chess* v. *Vockroth,* 75 *Id.* 665, 676. Apart from this, there was evidence that the goods alleged to be lost had been in the box when packed, and the presumption would be against the hypothesis that the box had been opened while under the charge of the local expressman, especially as defendant receipted for it "in apparent good order."

The next point is that the trial court refused to nonsuit and to find for defendant on the ground that there was no evidence that the goods were lost while defendant had the custody of the box. As to this the evidence was meagre but we think sufficient to raise a question of fact. Defendant receipted for the box in apparent good order. The proof showed that it went to Englewood, was found there by the

Erie railroad employes, and subsequently returned to the Central Railroad Company at their request. If the damage had occurred while the Erie railroad had charge, it is a fair inference that the Central would have called attention to it when the box was returned. The agent of the Erie at Englewood was called by defendant as a witness but said nothing and was asked nothing about the condition of the box when received and returned, though he had seen it and examined it in view of a report from a subordinate of being "short" one box for Blumenthal and "over" one box for Kadish; and that he found both names on the box in question. There was no evidence that the box had been opened when the Central received it back. We think the common law rule as to connecting carriers is applicable, viz., that if there is proof that the first carrier received the goods in good order, and the last one delivered in bad order, the presumption arises that the injury resulted from the negligence of the last carrier. *Gude* v. *Pennsylvania Railroad*, 77 *N. J. L.* 391; 6 *Cyc.* 490, 491. In the case at bar the Central received the box, as the court was entitled to find, in good order; the Central tendered it back in bad order; it was for the Central, and not for the plaintiff to show when and how the damage and loss occurred, and that it was not in fault. The evidence for defendant, if of any benefit to plaintiff, must be regarded in passing on the refusal to nonsuit, and if it supplied an omission in plaintiff's evidence, will cure such omission. *Van Cott* v. *North Jersey Street Railway Co.*, 72 *N. J. L.* 229.

The last point is that the contents of the box were misrepresented as "blankets" and a lower rate thereby secured. We find no evidence that the shipper knew of any difference in the rates. Such difference was testified to, but the classification containing the rate appears to have been that of the interstate commerce commission, and was not notice to the shipper in an intrastate case. No clause in the bill of lading has been pointed out either as limiting liability or warranting the character of the contents of the box for the purpose of fixing a rate. The printed part of the bill of lading says, "contents and condition of contents of package unknown" and

under the heading "Description of contents" is the written entry "one box blankets." For all that appears, there was no intimation to the shipper or to the local expressman that the character of the contents affected the rate or that the expressman or plaintiff had any knowledge of that fact. Hence if there was a misrepresentation it does not appear to have been other than innocent; and cannot relieve defendant of its liabilities.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.